```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT BLUEFIELD
```

SHANE MACK LOWRY,

    Plaintiff,

v.                          CIVIL ACTION NO. 1:03-2045
                       (Criminal Action No. 1:02-0003-02)

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION

    By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted to the court his Findings and Recommendation on October 22, 2003, in which he recommended that the District Court deny plaintiff's request for an evidentiary hearing and a reduction of his term of incarceration, dismiss his motion pursuant to § 2255 to vacate, set aside or correct his sentence, and remove this matter from the court's active docket.

    In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a <u>de novo</u> review by this court.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989).

On November 3, 2003, plaintiff timely filed objections to the Proposed Findings and Recommendation.  Thereafter, on July 19, 2004, and prior to the court's entry of a final order, plaintiff filed a motion to amend his previously filed § 2255 motion and insert a claim pursuant to Blakely v. Washington, 542 U.S. 296 (2004).  On October 11, 2005, Magistrate Judge VanDervort submitted a second Proposed Findings and Recommendation addressing the Blakely and Booker issues.  In his Proposed Findings and Recommendation, Magistrate Judge VanDervort recommended that the court grant plaintiff's motion to amend filed on July 19, 2004, deny his motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence, dismiss this matter with prejudice, and remove the case from the court's active docket.  Plaintiff filed objections to the second Proposed Findings and Recommendation.[1]  With respect to both sets of objections, the court has conducted a de novo review.

On April 30, 2002, defendant (Lowry) pled guilty to Count One of an indictment charging him with conspiring to distribute hydromorphone in violation of 21 U.S.C. § 846.  He was sentenced on August 5, 2002, to serve a 78-month term of incarceration to be followed by a three-year term of supervised release.  Defendant was also ordered to pay a mandatory special assessment of $100 and a fine of $1000.

---

[1] Plaintiff's motion to extend the deadline for the filing of objections (doc. # 23) is hereby GRANTED and his objections are deemed to have been timely filed.

As to the first Proposed Findings and Recommendation, Lowry objects to the magistrate judge's conclusion that his June 1990 conviction for destruction of property was properly counted in calculating his criminal history points. According to Lowry's objections, the "instant offense began January 6, 2002." Plaintiff's Objections at 1. Lowry, however, is mistaken on this point. The Judgment in a Criminal Case in Lowry's case indicates that he pled guilty to Count One of a six-count indictment. Count One of the indictment charged defendant with conspiracy to distribute hydromorphone from June 2000 to January 6, 2001. The Judgment indicates the offense to which Lowry pled guilty concluded on January 6, 2001. Based on the foregoing, it is clear that Lowry's claim that the offense of conviction was outside the ten-year limitation is plainly without merit and his objection thereto is OVERRULED.

Plaintiff also objects to the magistrate judge's conclusion that his 2001 misdemeanor conviction for possession of marijuana was properly included in calculating his criminal history. Though there is some evidence that Lowry's conviction for the marijuana possession was expunged at some point,[2] the record is clear that it had not been expunged as of his sentencing in federal court. Even if the conviction has since been expunged, it would not change

---

[2] Lowry has included what appears to be a computer printout for Case Number 01M-1614 which indicates that case has been expunged. The court agrees with Magistrate Judge VanDervort that it does not appear that Lowry should have qualified for expungement under West Virginia Code § 60A-4-407 because of his involvement in the instant offense.

defendant's criminal history category.  Even without the conviction for marijuana possession, defendant would still have two criminal history points, keeping him at a criminal history category II.  As such, his guideline range would remain unchanged.  Accordingly, his objection on this point is OVERRULED.[3]

As to Lowry's objection that Mr. Weis was ineffective for failing to file a timely appeal, the court agrees with Magistrate Judge VanDervort that this objection is without merit.  First, for reasons expressed herein and in the Proposed Findings and Recommendation, the court finds there were no meritorious grounds for appeal.  Second, plaintiff's assertions to the contrary,[4] there is no evidence that he asked Mr. Weis to file an appeal on his behalf and that Mr. Weis failed to do so.[5]  Based on the foregoing, plaintiff's objection is OVERRULED.

---

[3] According to the Fourth Circuit, "[I]f [a defendant] succeeds in a future collateral proceeding in overturning his [state] robbery conviction, federal law enables him then to seek review of any federal sentence that was enhanced due to his state conviction." United States v. Bacon, 94 F.3d 158, 162 n.3 (4th Cir. 1996).  In this case, reopening Lowry's sentence is not necessary because even excluding the conviction at issue, he would still be a criminal history category II.

[4] Lowry's assertions on this point are inconsistent.  At various times, he has asserted that he asked Mr. Weis to file an appeal on his behalf.  However, at other times, he indicated that Mr. Weis did not inform him of what Lowry considered to be meritorious issues for appeal and that this failure on Mr. Weis' part was the reason he did not appeal.

[5] As to the October 18, 2005 letter from Mr. Weis to Lowry, the court finds that it does not support Lowry's contention that he asked Mr. Weis to file an appeal on his behalf.  In fact, it does quite the opposite.

As to the second Proposed Findings and Recommendation, Lowry objects to the magistrate judge's finding that the holding in United States v. Booker, 543 U.S. 220 (2005), does not apply retroactively. In United States v. Morris, 429 F.3d 65, 66-67 (4th Cir. 2005), the Fourth Circuit held that Booker does not apply retroactively to cases on collateral review. Accordingly, plaintiff's objection is OVERRULED.

For the foregoing reasons, the court accepts both Proposed Findings and Recommendation and overrules plaintiff's objections. Consistent with the findings and recommendations, the court denies plaintiff's request for an evidentiary hearing and a reduction of his term of incarceration, grants plaintiff's motion to amend filed on July 19, 2004, dismisses his motion pursuant to § 2255 to vacate, set aside or correct his sentence, and directs the Clerk to remove this matter from the court's active docket. A judgment order to this effect will be filed this same day.

The Clerk is directed to forward a copy of this Memorandum Opinion to Mr. Lowry and to counsel of record.

**IT IS SO ORDERED** this 12th day of June, 2006.

ENTER:

David A. Faber
Chief Judge